NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, N.A. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
402 E. State Street
Trenton, NJ 08608**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Phelan Hallinan Diamond & Jones, PC<br>400 Fellowship Road, Suite 100<br>Mt. Laurel, NJ 08054 | ALBERT RUSSO<br>STANDING CHAPTER 13 TRUSTEE<br>CN 4853<br>TRENTON, NJ 08650-4853 |

Attend the hearing scheduled to be held on 07/26/2017 in the TRENTON Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
402 E. State Street
Trenton, NJ 08608**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: May 12, 2017

<u>/s/ Nicholas V. Rogers</u>
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054

Tel: 856-813-5500 Ext. 42689  
Fax: 856-813-5501  
Email: nicholas.rogers@phelanhallinan.com

File No. 793646
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, N.A.

| In Re: | UNITED STATES BANKRUPTCY COURT |
| --- | --- |
| JOHN M PAOLINI<br>MARY BETH PAOLINI | FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE |
| | Chapter 13 |
| Debtors | Case No. 17-19082 - KCF |

Hearing Date: 07/26/2017

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, N.A., the holder of a Mortgage on debtors' residence located at 707 WELLS SWEEP ROAD, WHITEHOUSE STATION, NJ 08889, hereby objects to the Confirmation of the debtors' proposed Chapter 13 Plan on the following grounds:

1. Secured Creditor is WELLS FARGO BANK, N.A.

2. Debtors, JOHN M PAOLINI, MARY BETH PAOLINI, are the owners of the property located at 707 WELLS SWEEP ROAD, WHITEHOUSE STATION, NJ 08889.

3. Secured Creditor is in the process of drafting and filing a Proof of Claim. The approximate total indebtedness is $78,568.28, the approximate arrears are $2,923.24.

4. Debtors' Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

5. The Debtors' proposed Chapter 13 Plan lists Secured Creditor in Part 4(f) as secured claims to be paid in full through the Plan. Debtor is proposing to pay Secured Creditor a total claim in the amount of $10,800.00 through the Chapter 13 Plan. Debtor's proposed Plan does not fully account for the total claim owed to Secured Creditor. Absent a modification by the Debtor, confirmation of Debtor's Chapter 13 Plan should be denied.

6. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to confirmation of Debtor's Chapter 13 Plan.

WHEREFORE, WELLS FARGO BANK, N.A. respectfully requests that the Confirmation of Debtors' Plan be denied.

/s/ Nicholas V. Rogers
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

Dated: May 12, 2017

**Exhibit A**

Last revised 8/1/15

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

IN RE:  **John M Paolini**
**Mary Beth Paolini**

Case No.: _____
Judge: _____
Chapter: **13**

Debtor(s)

**CHAPTER 13 PLAN AND MOTIONS**

■ Original
☐ Motions Included

☐ Modified/Notice Required
☐ Modified/No Notice Required

■ Discharge Sought
☐ No Discharge Sought

Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| Part 1:  Payment and Length of Plan |
|---|

   a. The Debtor shall pay **200.00 Monthly** to the Chapter 13 Trustee, starting on ___ for approximately **60** months.

   b. The Debtor shall make plan payments to the Trustee from the following sources:
   ■    Future Earnings
   ☐    Other sources of funding (describe source, amount and date when funds are available):

1

    c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property
  Description:
  Proposed date for completion: _____

    d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e.  ☐  Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| -NONE- | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### b. Modification

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

2

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| -NONE- |

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Wells Fargo | HOME | 10,800.00 |

## Part 5: Unsecured Claims

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

    ____    Not less than $____ to be distributed *pro rata*

    ____    Not less than ___ percent

    __X__    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| -NONE- | | |

3

| Part 7: Motions |
|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

| Part 8: Other Plan Provisions |
|---|

    a. **Vesting of Property of the Estate**
        ■ Upon Confirmation
        ☐ Upon Discharge

    **b. Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

    The Trustee shall pay allowed claims in the following order:
        1) Trustee Commissions
        2) **Other Administrative Claims**

4

| | | |
|---|---|---|
| 3) | **Secured Claims** | |
| 4) | **Lease Arrearages** | |
| 5) | **Priority Claims** | |
| 6) | **General Unsecured Claims** | |

**d. Post-petition claims**

The Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9 : Modification** |
|---|
| If this plan modifies a plan previously filed in this case, complete the information below. |

Date of Plan being modified:____.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| | |

| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes | ☐ No |
|---|---|---|

| **Part 10: Sign Here** |
|---|

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

| Date | May 2, 2017 | /s/ Andre L. Kydala, Esq. |
|---|---|---|
| | | **Andre L. Kydala, Esq. ALK-2393** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the foregoing is true and correct.

| Date: | May 2, 2017 | /s/ John M Paolini |
|---|---|---|
| | | **John M Paolini** |
| | | Debtor |
| Date: | May 2, 2017 | /s/ Mary Beth Paolini |
| | | **Mary Beth Paolini** |
| | | Joint Debtor |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| UNITED STATES BANKRUPTCY COURT |   |
|---|---|
| DISTRICT OF NEW JERSEY |   |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |   |
| 793646 PHELAN HALLINAN DIAMOND & JONES, PC 400 Fellowship Road, Suite 100 Mt. Laurel, NJ 08054 856-813-5500 Attorneys for WELLS FARGO BANK, N.A. |   |
| In Re: | Case No: 17-19082 - KCF |
| JOHN M PAOLINI MARY BETH PAOLINI | Hearing Date: 07/26/2017 |
|   | Judge: KATHRYN C. FERGUSON |
|   | Chapter: 13 |

## CERTIFICATION OF SERVICE

1. I, Marc Schroeder:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, N.A. in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On May 12, 2017 I sent a copy of the following pleadings and/or documents to the parties listed below:

   Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: May 12, 2017                         /s/ *Marc Schroeder*
                                                            Marc Schroeder

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| JOHN M PAOLINI<br>707 WELLS SWEEP RD<br>WHITEHOUSE STATION, NJ 08889 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| MARY BETH PAOLINI<br>707 WELLS SWEEP RD<br>WHITEHOUSE STATION, NJ 08889 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ANDRE L. KYDALA, Esquire<br>12 LOWER CENTER STREET<br>PO BOX 5537<br>CLINTON, NJ 08809 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ALBERT RUSSO<br>STANDING CHAPTER 13 TRUSTEE<br>CN 4853<br>TRENTON, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.